IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| MIHLFELD & ASSOCIATES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 05-3085-CV-S-ODS |
| | ) | |
| GLOCK, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AND OPINION DENYING PLAINTIFF'S MOTION TO REMAND AND DENYING PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS

Pending are Plaintiff's Motion to Remand (Doc. # 6) and Plaintiff's Motion to Dismiss Counterclaims (Doc. # 5).  The

The Motion to Remand is based on a clause in the parties' contract, which is replicated below:

> This Agreement shall be governed, construed and enforced in accordance with the laws of the State of Missouri.  In the event Customer breaches any portion of this Agreement, and legal action is initiated as a result of such breach, Customer agrees that the proper venue for such action shall be in the Circuit Court of Greene County, Missouri.

The term "Customer" was defined to mean Defendant.

Once a contractual dispute arose, Plaintiff filed suit in the Circuit Court of Greene County, Missouri.  Defendant removed the case to federal court.  Plaintiff now contends the contract's forum selection clause constituted a waiver of Defendant's right to remove the case.  The Court disagrees.

Each party directs the Court's attention to a different decision from the Eighth Circuit.  Defendant points to Weltman v. Silna, 879 F.2d 425 (8th Cir. 1989), and Plaintiff points to iNet Directories, LLC v. Developershed, Inc., 394 F.3d 1081 (2005) (per curiam).  Determining which case applies requires considering the court's rationale and factual distinctions between two apparently divergent cases.

Weltman does not set forth the contractual language at issue. Nonetheless, the court's holding is instructive:

> Weltman also argues that the appellees waived their right to remove the suit to federal court when they consented to subject matter jurisdiction and venue in the state court in the City of St. Louis. The agreement in which the appellees consented to Weltman's filing this suit in state court did not address removal. Waiver of the right to remove must be "clear and unequivocal," 1A J. Moore, B. Ringle & J. Wicker, Moore's Federal Practice ¶ 0.157[9] (2d ed. 1987), and thus the district court properly rejected Weltman's claims that the appellees waived their right to remove.

879 F.2d at 427. It thus appears the clause in question established, as does the clause in this case, that the parties merely agreed venue was proper in the Circuit Court for St. Louis City.

In contrast, the clause in iNet is more restrictive:

> The Parties hereby irrevocably waive any and all objections which any Party may now or hereafter have to the exercise of personal and subject matter jurisdiction by the federal or state courts in the State of Missouri and to the laying of venue in any such suit, action or proceeding brought in any such federal or state court in the State of Missouri.

394 F.3d at 1081. In affirming the district court's remand in iNet, the Eighth Circuit held the agreement specifically waive objections to venue constitutes a waiver of the right to remove. The court differentiated Weltman, explaining the clause in the prior case did not address removal. Id. at 1082. Of course, Weltman remains good law, if only because the iNet panel did not (and could not) overrule the prior panel's decision.

Reading the two cases together, the Court holds that a simple agreement that venue is proper in a particular court or jurisdiction is not a "clear and unequivocal" waiver of the right to remove, but a waiver of the right to object to venue does constitute a "clear and unequivocal" waiver of the right to remove. The clause in the parties' contract lacks the language present in iNet and is more similar to the language described in

2

Weltman. There being no clear an unambiguous waiver of Defendant's right to remove, the motion to remand must be denied.

The Motion to Dismiss is derived from the reasoning employed to support the Motion to Remand. Plaintiff contends the counterclaim asserted in federal court must be dismissed because the case as a whole does not belong in federal court. Having rejected the underlying rationale for this argument, the Court also rejects the motion to dismiss.

IT IS SO ORDERED.

DATE: April 27, 2005

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT